UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BILLY JO RUMPLE,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

No. 2:15-CV-0336-LRS

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 13) and the Defendant's Motion For Summary Judgment (ECF No. 15).

## JURISDICTION

Billy Jo Rumple, Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) on June 18, 2012. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on June 11, 2014 before Administrative Law Judge (ALJ) Moira Ausems. Plaintiff testified at the hearing, as did Vocational Expert (VE) Thomas A. Polsin. On September 5, 2014, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject

///

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1**

to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 41 years old. He has past relevant work experience as a material handler, a child monitor, a laminator, a siding applicator, a construction worker, and as a housekeeper cleaner. Plaintiff alleges disability since November 19, 2010, on which date he was 38 years old. His date last insured for Title II benefits was December 31, 2015.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 2**

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) evaluating the medical opinions of record; and 2) discounting Plaintiff's credibility.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering his age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 3**

if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being: lumbar degenerative disc disease; chronic obstructive pulmonary disease (COPD); hernias; and history of right thumb MCP (metacarpophalangeal) joint injury with ligament repair; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the caveat that: he can sit 4 to 5 hours total in an 8-hour workday; he can stand/walk for no more than 4 hours in an 8-hour workday; he is limited to no more than frequent handling and fingering with the right non-dominant hand, the left hand unlimited; he can occasionally crawl, but should not climb ladders, ropes, or scaffolds; he is to avoid moderate exposure to pulmonary irritants and vibrations to the right hand, and concentrated exposure to vibrations to the left hand and to temperature extremes; and because of the effects of pain, he should have no more than semi-skilled work tasks with no greater than superficial contact with the public; 4) Plaintiff's RFC does not allow him to perform his past relevant work, but (5) it does allow him to perform other jobs existing in significant numbers in the national economy as identified by the VE, including small parts assembler, hand packager, and final assembler. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**CREDIBILITY**

Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison*

///

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 5**

*v. Colvin*, 759 F.3d 95, 1014 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014).

The ALJ offered clear and convincing reasons supported by substantial evidence to discount the extent of the limitations claimed by Plaintiff. The ALJ pointed out inconsistencies in Plaintiff's testimony. (AR at p. 26). While Plaintiff testified he discontinued work in November 2010 because of breathing difficulties (AR at pp. 43-44), he told Kevin Weeks, D.O., in July 2012, that he had been laid off in November 2010, and since then had been unable to find a job. (AR at p. 265). He reported the same thing to Advanced Registered Nurse Practitioner (ARNP) Theresa Wiederhold in September 2012, telling her he had last worked in 2010 when he got laid off, had not worked since, and was not on a call list for his job. (AR at p. 281).

At the June 2014 hearing, Plaintiff testified he suffers from cough syncope- blacking out and falling- at least once a day. (AR at p. 51). This was inconsistent with what he previously told Michael Parisot, M.D., his treating physician. In October 2013, Dr. Parisot reported that:

> Mr. Rumple ['s] [complaints of] coughing [are] more prominent and wheezing is more frequent. He will produce sputum intermittently, varying from clear to brown. He can gag when he coughs. He denies chest pain. He continues to smoke ½ pack per day. **He reports waking from coughing episodes twice.** The first on 10/6/13 he was sitting on the couch when he had very hard cough and was noted by his wife to have some tremors like (sic) seizure. The second occurred on 10/8/13 when working on a computer game . . . while coughing hard hit his head on . . . desk[,] bruising his left forehead and eyebrow.

(AR at pp. 331-32)(emphasis added). In November 2013, Plaintiff repeated to Dr. Parisot that he "had 2 episodes of hard coughing and passing out in [the] last month." (AR at p. 328). In December 2013, Plaintiff reported to Dr. Parisot that his breathing was okay at that time; that he awoke at night with a heavy cough for up to 30 minutes; that he had a sharp pain on breathing in the last month, but not for two weeks or more; that he had not had syncope with the cough; that he was smoking ½ pack of cigarettes a day; and that he denied chest pain, palpitations, and edema. (AR at p.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

325). In April 2014, Plaintiff reported two more episodes of syncope when coughing hard and that wheezing was intermittent. (AR at p. 317).

At the hearing, counsel mentioned to Plaintiff about Dr. Parisot indicating in his December 2013 report that Plaintiff had not had syncope with cough, but Plaintiff seemingly asserted it had continued unabated for the past six months, occurring at least once a day, and that it had happened as recently as the day before the hearing (June 10, 2014). (AR at pp. 52-53). Asked by the ALJ whether he had told Dr. Parisot it was happening once a day, Plaintiff's response was "I think I told him the last time I saw him that it was happening more." (AR at p. 53). There is nothing in the medical record, however, confirming that Plaintiff reported to Dr. Parisot that he was experiencing cough syncope once a day.

Plaintiff testified at the hearing that he does not lift or carry anything much heavier than a gallon of milk due to right thumb surgery in January 2014, his umbilical hernia, and arthritis in his hands. (AR at pp. 55-58). Nevertheless, in May 2014, Dr. Parisot opined that Plaintiff could lift and carry up to ten pounds 1/3 to 2/3 of the time in an 8 hour workday and 11 to 20 pounds up to 1/3 of the time in an 8 hour workday. (AR at p. 303). The right thumb surgery was the result of chronic right thumb pain of 15 years duration. (AR at p. 311). At the hearing, Plaintiff explained how 15 years ago, he had tripped and landed on his right thumb, hyperextending it. (AR at p. 56). Notwithstanding the thumb pain, Plaintiff informed Dr. Parisot in July 2013 (pre-surgery) that he was "doing lots of lifting in moving things for other people." (AR at p. 334). And in July 2012, Plaintiff informed Dr. Weeks that he "prepares meals, does housework, yard work, stays active, and helps others with yard work" and "gets paid for mowing lawns." (AR at p. 265).

Plaintiff's testimony at the hearing and the statements he made to medical providers about his activities are consistent with the RFC determined by the ALJ.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

**OPINIONS OF MEDICAL SOURCES**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[1] If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513(a) and 416.913(a). Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. §§ 404.1513(d) and 416.913(d). An ALJ can reject opinions from these "other source[s]" by providing "germane" reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

///
///
///
///

---

[1] Merely offering "good reasons," as suggested by the Commissioner (ECF No. 15 at p. 8) does not suffice.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

In September 2012, Plaintiff presented himself to ARNP Wiederhold for an examination related to his seeking GAU benefits.[2] She completed a Washington Department of Social and Health Services (DSHS) "Physical Functional Evaluation" form in conjunction with her examination. She thought Plaintiff's COPD constituted a "moderate" (significant interference with the ability to perform one or more basic work-related activities) to "marked" impairment (very significant interference). (AR at p. 296). She opined that Plaintiff remained capable of performing sedentary work, defined as able to lift 10 pounds maximum and frequently lift or carry lightweight articles and able to walk or stand for only brief periods). (AR at p. 297).

The ALJ gave Wiederhold's opinion "no weight because she is not an acceptable medical source and her opinion lacks any significant corroborating clinical evidence." (AR at p. 27). As noted above, the fact a provider is not an "acceptable medical source" is not a reason by itself to reject her opinion about the severity of a claimant's impairment and resulting limitations. It appears, however, that Wiederhold simply relied on what Plaintiff told her about his COPD diagnosis from Dr. Parisot in 2007 (AR at p. 281), and the same is true about Dr. Weeks who had seen the Plaintiff two months prior thereto. (AR at p. 265). Accordingly, the ALJ was accurate in concluding that Wiederhold did not link any corroborating clinical evidence to her opinion about the limitations arising from Plaintiff's COPD. In any event, as the Commissioner points out (ECF No. 15 at p. 12), even if Plaintiff were limited to a full range of sedentary work, he would be considered "Not Disabled" per the Medical-Vocational Guidelines. 20 C.F.R. Pt. 404, Subpt. P., App. 2, §§ 201.25 and 201.26 (younger individual age 18-44; limited or less education; semi-skilled

---

[2] The State of Washington's General Assistance Unemployable (GAU) provides cash and medical benefits for persons who are physically and/or mentally incapacitated and unemployable for 90 days from the date of application.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

work experience, regardless of whether the skills are transferable). Therefore, if the ALJ erred, it was harmless.

Plaintiff returned to see Dr. Parisot in late 2012/early 2013 after having last seen him in 2007. In May 2014, Dr. Parisot completed a "Medical Source Statement Of Ability To Do Work-Related Activities (Physical)" form. This is a Social Security Administration form, although it is not clear on whose behest the doctor completed the form. Dr. Parisot indicated Plaintiff could lift and carry up to ten pounds 1/3 to 2/3 of the time in an 8 hour workday and 11 to 20 pounds up to 1/3 of the time in an 8 hour workday. (AR at p. 303). He further indicated that Plaintiff could sit for 15 minutes without interruption, stand for 20 minutes without interruption, and walk for five minutes without interruption. (AR at p. 304). In an eight hour workday, Dr. Parisot opined that Plaintiff could sit for three hours, stand for four hours, and walk for 40 minutes. (AR at p. 304). The form asked that if the total time for sitting, standing and walking did not equal eight hours, it should be specified what activity the individual was performing for the rest of the eight hours. (AR at p. 304). Dr. Parisot did not answer this question, instead merely stating that Plaintiff was limited by shortness of breath and back pain. (AR at p. 304). Dr. Parisot further opined that Plaintiff could "occasionally" (up to 1/3 of his time) reach overhead, handle, finger, push and pull with both her right and left hands. (AR at p. 305). He commented that Plaintiff was "limited by arthritis exacerbations with use in both hands and right thumb subluxations." (AR at p. 305). Dr. Parisot opined that Plaintiff could "occasionally" (up to 1/3 of his time) climb stairs and ramps, climb ladders or scaffolds, stoop, crouch and crawl. (AR at p. 306). He opined that Plaintiff could never operate a motor vehicle, be exposed to dusts, odors, fumes and pulmonary irritants, be exposed to extreme cold, and be exposed to extreme heat, and could only "occasionally" (up to 1/3 of his time) be exposed to humidity and wetness. (AR at p. 307). Dr. Parisot explained that Plaintiff did not drive because of coughing and

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

cough syncope and that extreme temperatures caused him to cough. (AR at p. 307). Finally, Dr. Parisot wrote "N.A." (Not Applicable) in response to a question regarding the date on which the limitations opined by him were first present. (AR at p. 308).

The ALJ gave Dr. Parisot's opinion "little weight," one of the reasons being that he was unable to indicate on what date the limitations opined by him commenced. The doctor's inability to so indicate is not surprising since there was such a lengthy gap in his treatment of Plaintiff.[3] This is a clear and convincing reason for questioning whether such limitations existed for a continuous period of 12 months prior to May 2014.

Another reason the ALJ cited for giving Dr. Parisot's opinion "little weight" was that the sitting, standing and walking limitations opined by him were "quite similar to those the [Plaintiff] contended at the hearing, [leading] one to wonder if [the] form may have been completed based on the [Plaintiff's] self-report, as opposed to reportable objective medical findings." (AR at p. 27). Clearly, there are objective medical findings in the record establishing that Plaintiff has lumbar degenerative disc disease; chronic obstructive pulmonary disease (COPD); hernias; and history of right thumb MCP (metacarpophalangeal) joint injury with ligament repair. The ALJ found these are "severe" medically determinable impairments. Normally, the court would not consider "clear and convincing" the ALJ's speculation that Dr. Parisot completed the form based on Plaintiff's self-report as opposed to objective medical findings. However, as discussed above, what is not speculative are the ALJ's "clear and convincing" reasons for discounting Plaintiff's credibility regarding the extent of his physical limitations. Plaintiff reported symptoms and physical activities to medical

---

[3] The ALJ indicated it was a three year treatment absence (AR at p. 27), but the medical record suggests it was a five year absence.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 11**

providers which simply are not consistent with the severity of the limitations opined by Dr. Parisot in the May 2014 form.

Dr. Parisot indicated that certain exertional and manipulative limitations opined by him (reaching overhead and fingering, pushing and pulling) applied to both Plaintiff's and right hands. The ALJ, however, found that Plaintiff was limited to no more than frequent handling and fingering with the right non-dominant hand, while there was no limitation regarding the left hand. According to the ALJ:

> Dr. Parisot does note limitations involving use of the claimant's hands due to arthritis yet, his pre-operative examination only showed problems with the claimant's right thumb joint and loose ligament, which has been repaired, and examination of the rest of the hand joints were with full range of motion and exhibited no other findings. Thus, objective findings do not comport with the noted restrictions.

(AR at p. 27).

Pre-surgery on December 31, 2013, Dr. Parisot indicated Plaintiff had left little finger paresthesias which he "should wait 6 months to see if peripheral neuropathy resolves." (AR at p. 324). Plaintiff indicated that two months ago, he had pinched his left little finger, "catching it between a flat bar and the floor," and since then had sensation changes in the left little finger tip and could not fully extend the finger. (AR at p. 325). An examination of the extremities revealed "right thumb loose at MCP joint with reduced grip, **rest of joints ROM functional**; no enlargement, swelling, erythema, cyanosis or edema" and "[n]o swelling of the left little finger." (AR at p. 327)(emphasis added). Post-surgery on January 31, 2014, Dr. Parisot noted that while Plaintiff had swelling in the fingers of his left hand, he had normal range of motion. (AR at p. 323). The March and April 2014 reports made no mention of problems with Plaintiff's left hand, only of continuing difficulties with his right thumb. (AR at pp. 317-20). The record indicates the ALJ offered a "clear and convincing" reason for discounting Dr. Parisot's opinion regarding limitations on the Plaintiff's use of his left hand.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT- 12**

Even if, however, the reasons specifically cited by the ALJ in her decision for discounting Dr. Parisot's were not "clear and convincing," the fact the ALJ offered "clear and convincing" reasons to discount Plaintiff's credibility is a "clear and convincing" reason to discount the limitations opined by Dr. Parisot in May 2014.

## CONCLUSION

The ALJ rationally interpreted the evidence and "substantial evidence"- more than a scintilla, less than a preponderance- supports her decision that Plaintiff is not disabled.

Defendant's Motion For Summary Judgment (ECF No. 15) is **GRANTED** and Plaintiff's Motion For Summary Judgment (ECF No. 13) is **DENIED**. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this __6th__ day of April, 2017.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 13**